Ex parte FRONKLIN.

(District Court, N. D. Mississippi. November 11, 1918.)

1. WAR ⬤═══11—ENEMY ALIENS—INTERNMENT—PRESIDENTIAL DISCRETION.

The courts cannot review the discretion vested in the President by Rev. St. § 4067 (Comp. St. 1916, § 7615), to determine the manner and degree of restraint to which alien enemies shall be subjected.

2. WAR ⬤═══11—INTERNMENT OF ALIEN ENEMIES—EVIDENCE.

Evidence *held* to show that petitioner was an unnaturalized German, and so might be taken into custody, under presidential warrant issued under Rev. St. § 4067 (Comp. St. 1916, § 7615), as an enemy alien.

At Law. Petition by Willis Fronklin for a writ of habeas corpus to the United States marshal for the Northern district of Mississippi. Writ denied.

D. A. Scott and E. M. Yerger, both of Clarksdale, Miss., for petitioner.

W. S. Hill, U. S. Dist. Atty., of Greenwood, Miss., and J. Lake Roberson, Asst. U. S. Dist. Atty., of Clarksdale, Miss., for the United States.

HOLMES, District Judge. The petitioner avers that he is a citizen of the United States and is unlawfully restrained of his liberty by the United States marshal for the Northern district of Mississippi.

The proof shows that the petitioner is held in custody by the marshal by virtue of an order of the President of the United States, issued under Regulation No. 12 of the President's proclamation of April 6, 1917, promulgated in pursuance of section 4067 of the Revised Statutes (Comp. St. 1916, § 7615), which order commands the marshal to detain at the usual place of confinement in his district, or, if such usual place be not suitable, at such other place as may, in his discretion, seem hygienic and safe, the petitioner, one Willis Fronklin, on the ground that his presence at large in this district "is a danger to the public peace and safety of the United States." The order also reads: "Such person is to be detained until the further order of the President."

[1, 2] Under said section 4067 the discretion is vested in the President to determine the manner and degree of restraint to which alien enemies shall be subjected. I have excluded all evidence of any acts or utterances with reference to the loyalty of petitioner, because I think the only question for determination on this hearing. is whether he is a citizen of the United States or is a German alien enemy.

The petitioner has lived in Mississippi for about 15 years, during which time, up to the very time of his arrest, he has stated repeatedly that he was born in Hamburg, Germany. He told witnesses that he came to this country from Germany when he was about 4 years of age, that he remembered crossing a large body of water, and that his brother died on the way over and was buried at sea. He asked his wife, when he proposed matrimony, whether she had any objections to marrying a German. He is shown to have had a marked German accent

⬤═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

when he first came to Mississippi. Taking the stand in his own behalf, he now claims that these statements were made by him to conceal his obscure parentage; that as a matter of fact he was born in the United States and raised by gypsies. He does not claim to have been naturalized.

From the evidence as a whole, I am convinced that the petitioner was born in Hamburg, Germany, and is a German alien enemy. Under section 4067, Revised Statutes, the President has determined that the petitioner (who is shown by the proof to be a German alien enemy) should be restrained or interned. I do not think this action of the President, exercised in the manner provided by law, is subject to review by the courts.

The petitioner will therefore be remanded to the custody of the marshal.